## SUPREME COURT.

### Matthew Hale and Alpheus T. Bulkley agt. John Swinburne.

#### No. 1.

*Complaint — Answer — When answer frivolous — When motion for judgment on the ground of the frivolousness of the answer will be granted — Stay of proceedings — When should not be granted pending an appeal from an order of the special term adjudging an answer frivolous, but allowing the service of an amended answer.*

The action was brought to recover for professional services rendered by the plaintiffs, as attorneys and counsel, in conducting certain actions and proceedings instituted by the defendant to obtain the possession of the office of mayor of the city of Albany, and which services were

Hale agt. Swinburne.

charged in the complaint to have been rendered upon the retainer and request of the defendant. The answer failed to take issue squarely upon this allegation, but sought to evade it by alleging that the service was not performed for the defendant any more than for any other citizen of·Albany:

*Held,* that the answer might be literally·true, and yet there is no defense stated because the retainer and employment by the defendant to perform the services is undenied, and for this reason the answer is frivolous and the plaintiff is· entitled to judgment on account of the frivolousness of the answer, unless, the defendant serves an amended answer within ten days and pays ten dollars costs of motion.

On a motion by defendant for a stay of proceedings pending an appeal to the general term from this order:

*Held,* that the motion, should be denied unless the defendant gives security for the payment of the recovery in the action, if he fails upon his appeal from the order.

Motion for judgment against the defendant on the ground of the frivolousness of the answer.

*Hale & Bulkley,* in person, for motion.

*Smith, Moak & Buchanan,* opposed.

Westbrook, *J.* — The answer of the defendant is bad: First. The complaint avers that "the defendant retained the * * * plaintiffs as his attorneys and counsel, and requested the plaintiff Matthew Hale to take charge of various civil and criminal proceedings, * * * and that the plaintiffs, on the retainer and request of the defendant, rendered and performed professional services as counsel for defendant." It will be observed that the ground of liability stated is the retainer and request by the defendant to perform the service, and because of such retainer and request the services are charged to have been· "for the defendant," *i. e.,* at his request. The denial in the answer is not of the retainer and request to perform the service, but of a retainer and request to do it "for him," *i. e.* (as the answer is careful to explain), for his benefit, because such service "was performed. * * * as much for the benefit of the public as for the

Hale agt. Swinburne.

defendant." The denial and averment of the answer may be true, and yet the defendant be liable, because he retained and employed the plaintiffs to do the service. Second. It is probably true, as the answer avers, that the defendant is ignorant of "how much time" the plaintiffs devoted to the services averred in the complaint, and of "how much they may have expended," but this is not a denial of the allegations of the complaint that "between the 12th day of April, 1882, and the 1st day of July, 1883," the plaintiff Mathew Hale * * * devoted a large portion of his time "to the service charged in the complaint, and that in performing such service he expended divers sums, amounting in the aggregate to the amount of eighty-nine dollars and seventy-three cents and upwards." Third. The complaint, after averring that the services rendered were of the value of $4,000, alleges "that the sum of $3,825.23 is now justly due and payable from the defendant to the plaintiffs by reason of the premises." These allegations are not put in issue for the defendant is careful to maintain his evasion of a denial of his personal liability growing out of his retainer and employment by the statement, again repeated, that the services were not "for him more than any others of the public," and that consequently they were not "to him of the value of $4,000, or any other sum whatever." The distinct allegation of the complaint "that the sum of $3,825.23 is now justly due and payable from the defendant to the plaintiff" for services rendered upon his retainer and request is entirely undenied, and because undenied is not put in issue by an allegation that others were interested in the service as well as the defendant, and that consequently such services were of no pecuniary value to him. Admitting, for the sake of argument (though the admission is violent), that the defendant had no more personal interest in litigations, which had for their object the placing of the defendant in the possession of the office of mayor of the city of Albany, than "one of the public," yet it is true that an individual who employs another to perform labor is personally liable for

the value thereof, even though the person contracting for the labor was not to be benefited thereby.

For these reasons the motion for judgment on account of the frivolousness of the answer must be granted, with ten dollars costs of motion, unless the defendant serves an amended answer in ten days and pays ten dollars costs of motion.

### No. 2.

A MOTION was made by defendant for a stay of proceedings pending an appeal from the order of the special term to the general term by the defendant, which adjudged the answer frivolous, but allowed the service of an amended answer.

*C. J. Buchanan*, for motion.

*Matthew Hale*, opposed.

WESTBROOK, *J.* — The order appealed from deprived the defendant of no substantial right. The action was brought to recover for professional services rendered by the plaintiffs as attorneys and counsel in conducting the actions and proceedings instituted by the defendant to obtain the possession of the office of mayor of the city of Albany, and which services were charged in the complaint to have been rendered upon the retainer and request of the defendant.

The answer failed to take issue squarely upon this allegation, but sought to evade it by alleging that the service was not performed for the defendant, any more than for any other citizen of Albany. The answer might be literally true, and yet there was no defense stated, because the retainer and employment by the defendant to perform the services was undenied. For this reason the answer was held frivolous, but the defendant was allowed to serve a new answer on the payment of ten dollars costs.

It is impossible to read the pleadings, and the affidavits presented by the plaintiffs in opposition to this motion, which show clearly by the testimony of disinterested persons the

retainer of the plaintiffs by the defendant, and the precarious character, to say the least, of the defendant's financial standing, without reaching the conclusion that the stay, which would delay the collection of an alleged debt for several months, ought not to be granted, except upon terms. By paying the ten dollars, and serving an amended answer, the defendant will be protected from a judgment pending his appeal in which, if he succeeds, full restoration can be made to him. If, on the other hand, the stay is granted, the plaintiffs are delayed for several months, and their claim jeopardized.

The stay asked for is therefore denied, unless the defendant gives security for the payment of the recovery in the action, if he fails upon his appeal from the order adjudging the answer frivolous.